

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | **MAX MCCANN** |
| *Corporation Counsel* | 100 CHURCH STREET | *Assistant Corporation Counsel* |
| | NEW YORK, NY 10007 | E-mail: mmccann@law.nyc.gov |
| | | Phone: (212) 788-0861 |
| | | Fax: (212) 788-9776 |

November 16, 2010

**BY ECF AND FAX AT (718) 613-2365**
Honorable Judge Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Marco Molina v. City of New York, et al.</u>, 10-CV-4920 (DGT)(CLP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter.[1] Defendant City respectfully requests an extension of its time to answer or otherwise respond to the complaint from November 16, 2010, to January 18, 2011. Plaintiff's counsel could not be reached by telephone today. Accordingly, this request is made without plaintiff's consent.

      By way of background, plaintiff alleges, *inter alia*, that on or about April 30, 2008, Police Officer Steven Lawrence and several unidentified officers used excessive force to falsely arrest and subsequently maliciously prosecute plaintiff in violation of his civil rights. Plaintiff claims that after making several court appearances, his criminal case was ultimately dismissed. A review of the docket sheet indicates that an affidavit of service has not yet been filed with respect to Officer Lawrence, nor has the individually named defendant requested representation from this office. As such, a decision concerning this office's representation of defendant Lawrence has not yet been made, and accordingly, this request is not made on his

---

[1] I write on behalf of Assistant Corporation Counsel Katherine Smith, the attorney assigned to the defense of the above-referenced matter, who is currently out of the office on medical leave until November 22, 2010.

behalf. However, assuming the individually named defendant is timely served with process, in light of the time involved in determining the representation of a police officer, and in the interest of judicial economy, we hope that the Court may, *sua sponte*, extend the time to answer on behalf of all defendants.

A sixty day enlargement of time is necessary so that this office can secure the underlying arrest records and documentation from the police department, Criminal Court, and District Attorney's office. According to plaintiff's complaint, his criminal case was dismissed. Thus, the official records concerning the arrest of plaintiff are likely sealed pursuant to New York Criminal Procedure Law § 160.50. As such, this office is in the process of forwarding to plaintiff for execution an unsealing release. Only once this release is received can we request the underlying documents so that we can properly assess the case and respond to the complaint.

Furthermore, assuming plaintiff effects proper service on defendant Lawrence, the extension should also allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In addition, because plaintiff claims that he was injured during the alleged incident, this office has forwarded to plaintiff for execution an authorization for the release of any pertinent medical records. We cannot obtain medical records without the authorizations, and without the records, defendants cannot properly assess this case or respond to the complaint.

This is defendant City's first enlargement request. Accordingly, we respectfully requested that defendant City's time to respond to the complaint be extended from November 16, 2010, to January 18, 2011.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Max McCann
*Assistant Corporation Counsel*

cc:    Christopher D Wright, Esq. (via ECF)

2