UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARCO MOLINA,

                                      Plaintiffs,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
STEVEN LAWRENCE (SHIELD NO. 13371), JOHN
DOES 1-10,

                                      Defendants.

**ANSWER FOR DEFENDANT CITY OF NEW YORK**

10 CV 4920 (DGT)(CLP)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York ("City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and invoke the Court's jurisdiction as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to bring this action and invoke the Court's jurisdiction as stated therein.

        4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Upon information and belief, and upon a review of the docket sheet, Police Office Lawrence has not yet been served with process.

5. Admits that allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that Steven Lawrence is employed by the City of New York as a police officer, that plaintiff purports to proceed as stated therein, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the employment of "John Does 1-10" and states that the allegations that police officers were "acting under color of and in their capacity as City law enforcement officers" sets forth conclusions of law, rather than averments of fact, to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "7" of the complaint, except deny the implication that plaintiff was not involved in any unlawful conduct on April 30, 2008.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations the allegations set forth in paragraph "9" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any statements made by plaintiff.

10. Denies the allegations the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested, handcuffed and transported to the 83 precinct.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was in a holing cell at the 83 precinct.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was transported to Kings County Central Booking.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that, upon information and belief, plaintiff's criminal case was dismissed.

19. Denies the allegations set forth in paragraph "19" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's physical condition.

20. In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and realleges the responses set forth paragraphs "1" through "20" of this answer as if fully set forth herein.[2]

---

[2] Plaintiff's complaint does not contain a paragraph numbered "20."

21. Denies the allegations set forth in the first paragraph "22" of the complaint.[3]

22. Denies the allegations set forth in the second paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth paragraphs "1" through "33" of this answer as if fully set forth herein.

---

[3] Plaintiff's complaint contains two paragraphs numbered "22."

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

39. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

41. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

42. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

43. To the extent plaintiff asserts any claims arising under state law, plaintiff's state law claims are barred for failure to comply with New York General Municipal Law §§ 50-e, 50-h and 50-i.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

44. To the extent plaintiff asserts any claims arising under state law, they are barred by the applicable limitations period.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

45. There was probable cause and/or reasonable suspicion for any stop.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

46. There was probable cause and/or reasonable suspicion for any search.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

47. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 18, 2011

                    MICHAEL A. CARDOZO
                    Corporation Counsel
                        of the City of New York
                    *Attorney for Defendant City of New York*
                    *100 Church Street, Room 3-213*
                    New York, New York 10007
                    (212) 513-0462

                    By:        /s/
                        Katherine E. Smith
                        Assistant Corporation Counsel

To:   Christopher D Wright, Esq. (By ECF)
      305 Broadway, Suite 1400
      New York, NY 10007