UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MARCO MOLINA,

                                                       Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
STEVEN LAWRENCE (SHEILD NO.  13371), POLICE
OFFICER MARCO ARTALE (# 929656) and JOHN
DOES 1-10.

                                                  Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

10-CV-4920

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on April 30, 2008, defendants falsely arrested plaintiff, used excessive force, and made false allegations about him to Kings County District Attorney's Office.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28

U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Queens.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Steven Lawrence, Marco Artale and John Does 1-10 (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Lawrence, Artale and Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On April 30, 2008, at approximately 2:20 p.m. plaintiff was lawfully walking on Cornelia Street in Brooklyn, NY returning home after visiting a friend.

8. Plaintiff was confronted by the defendants, who were dressed in plain clothes with no visible police identification. Defendants stopped plaintiff and demanded to search him.

9. Plaintiff objected to his detention and explained that he was not engaging in any illegal activity. Defendants grabbed defendant and threw him to the ground.

10. While on the ground officers proceeded to repeatedly punch and kick plaintiff about his head and body. Plaintiff pleaded for the officers to stop assaulting him.

11. Plaintiff was unlawfully arrested and handcuffed. Plaintiff was picked up off the ground by the handcuffs causing pain to his wrists and forcibly thrown into the back of a patrol car. He was transported to the 83rd police precinct.

12. In a holding cell at the 83rd precinct two defendants strip-searched and subjected plaintiff to a body cavity search. Defendants left plaintiff naked in his cell for several hours and screamed that he was an "IAB rat." Apparently referencing a complaint plaintiff had previously made against officers from the same precinct.

13. After several hours of bleeding and pain EMS was called and plaintiff was transported to Woodhull Hospital and was treated.

14. Plaintiff was returned to the 83rd precinct after his hospital discharge and held at the precinct overnight.

15. Later the next day plaintiff was transported to Kings County Central Booking to await arraignment.

16. While plaintiff was incarcerated, defendants prepared police reports falsely stating that plaintiff committed the crime of Resisting Arrest and Criminal Possession of a Controlled Substance.

17. Plaintiff was arraigned in Kings County Criminal Court and bail was set at $1000. His family bailed him out that day.

18. Plaintiff made numerous court appearances over the next year and his case was ultimately dismissed.

19. Plaintiff suffered damages as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered physical injuries, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced

contusions and abrasions to his face, elbow and injuries about his body.

### FIRST CLAIM (FALSE ARREST)

21.   Plaintiff repeats the foregoing allegations.

22.   No officer observed plaintiff commit a crime on April 30, 2008.

22.   At no time on April 30, 2008, did plaintiff commit a crime.

23.   Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

### SECOND CLAIM (UNREASONABLE FORCE)

24.   Plaintiff repeats the foregoing allegation.

25.   In the course of arresting plaintiff, the officers used unreasonable force by assaulting and forcibly strip searching plaintiff.

26.   This use of force was objectively unreasonable.

27.   Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM (FABRICATION OF EVIDENCE)

28.   Plaintiff repeats the foregoing allegations.

29.   Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a crime.

30.   Accordingly, defendants violated the Sixth Amendment for fabricating evidence against them and denying them a fair trial.

### FOUFTH CLAIM (FAILURE TO INTERVENE)

31.   Plaintiff repeats the foregoing allegations.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

### FIFTH CLAIM (MONELL CLAIM)

34. Plaintiff repeats the foregoing allegations.

35. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

36. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

Compensatory damages in an amount to be determined by a jury;

Punitive damages against the individual defendants in an amount to be determined by a jury;

Costs, interest and attorney's fees;

Such other and further relief as the Court may deem just and proper.


DATED:   April 26, 2010

   New York, New York

_____/ss/_____
CHRISTOPHER WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
 (212) 822-1419